IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNY DREW SAYRE,

      Plaintiff,

v.                                                       CIVIL ACTION NO. 2:11-CV-75
                                                         Judge Bailey

WEXFORD MEDICAL SERVICES,
WILLIAM FOX,

      Defendants.

## Report and Recommendation

On September 21, 2011, Plaintiff initiated this action by filing a state civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). On September 22, 2012, the plaintiff was granted leave to proceed *in forma* pauperis, [1] and an Order to Answer was entered. (Doc. 6).

---

[1] **Error! Main Document Only.**While incarcerated, Sayre has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* <u>Sayre v. Taylor</u>, case no. 1:99cv158[1]; <u>Sayre v. Crim</u>, case no. 1:99cv155; <u>Sayre v. Godwin</u>, case no. 1:97cv148; and <u>Sayre v. Dyer</u>, case no. 5:92cv137. Further, Sayre's appeal in <u>Sayre v. Godwin</u>, was found to be frivolous by the Fourth Circuit Court of Appeals and dismissed "on the reasoning of the district court." An appeal which is dismissed as frivolous is counted as a strike. <u>Jennings v. Natrona County Detention Center Medical Facility</u>, 175 F.3d 775 (10th Cir. 1999).

Additionally, Sayre has filed numerous complaints in the Southern District of West Virginia and has three strikes against him. *See* 5:01cv0434. (On October 17, 2001, the Southern District determined that the action constituted the third civil action which had been dismissed for failing to state a claim). Because the Southern District of West Virginia is a "Court of the United States," thus Court can count the strikes found by the Southern District of West Virginia.

**Error! Main Document Only.**Therefore, based on the strikes Sayre has accumulated in both the Northern and Southern Districts of West Virginia, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." With this in mind, the undersigned construed the plaintiff's complaint liberally, and based on his assertion that he has suffered seven gall bladder attacks, and is also suffering from a large stomach

Defendant Fox filed a motion to dismiss on October 18, 2011. (Doc. No. 12). Defendant Wexford[2] filed an answer to the complaint on October 19, 2011. (Doc. No. 13).

On November 4, 2011, Plaintiff filed a response to Defendant Fox's motion to dismiss. (Doc. No. 17). Defendant Fox filed a reply on November 14, 2011. (Doc. No. 19). On November 30, 2011, Plaintiff filed a second response to Defendant Fox's motion to dismiss. (Doc. No. 22). This matter is now before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## Contentions of the Parties

A. <u>Complaint</u>

In his complaint, Plaintiff alleges that Defendants have violated the Eight Amendment to the United States Constitution by being deliberately indifferent to his serious medical needs. More specifically, Plaintiff alleges that he suffers from gall bladder disease, prostate disease, bleeding hemorrhoids, and a stomach hernia. He further alleges that Defendants' refusal to treat these medical conditions with surgery has put him in imminent danger of either death or serious bodily harm, making him entitled to $10,000,000 in damages

B. <u>Defendant Fox's Motion to Dismiss</u>

In his motion to dismiss, Defendant Fox argues that Plaintiff has failed state a valid Eighth Amendment claim. In the alternative, Defendant Fox argues that he is entitled to qualified immunity because the decision whether to send Plaintiff for surgery is discretionary.

---

hernia and prostrate disease, concluded that he stated a claim of imminent danger of serious physical injury sufficient to survive the "three-strikes rule."

[2]The plaintiff identifies this Defendant as Wexford Health Services. However, its proper name is Wexford Health Sources, Inc.

Defendant Fox also states that Plaintiff may have failed to exhaust his administrative remedies, thereby making his complaint procedurally barred.[3]

C. <u>Defendant Wexford's Answer to the Complaint</u>

In its answer, Defendant Wexford contends that Plaintiff has failed to state a valid Eighth Amendment claim. In the alternative, Defendant Wexford argues that Plaintiff has failed to prove that he has exhausted his administrative remedies, thereby making his complaint procedurally barred. [4]

D. <u>Plaintiff's Response to Defendant Fox's Motion to Dismiss</u>

In his response to Defendant Fox's motion to dismiss, Plaintiff reiterates all of the claims made in his complaint. He once again alleges that he suffers from four life-threatening medical conditions. In addition, he once again alleges that Defendants' refusal to treat these medical conditions with surgery has put him in imminent danger of either death or serious bodily harm, making him entitled to $10,000,000 in damages.

E. <u>Defendant Fox's Reply to Plaintiff's Response</u>

In his reply to Plaintiff's response, Defendant Fox simply reiterates the arguments originally made in his motion to dismiss. Specifically, he argues that Plaintiff has failed to state a valid Eighth Amendment claim. In the alternative, he argues that he is entitled to qualified immunity because the decision of whether to send Plaintiff for surgery is discretionary.

F. <u>Plaintiff's Second Response to Defendant Fox's Motion to Dismiss</u>

In his response to Defendant Fox's motion to dismiss, Plaintiff once again reiterates all of the claims made in his complaint. He once again alleges that he suffers from four life-

---

[3] Failure to exhaust is an affirmative defense. Beyond noting that further investigation on this issue was needed, the defendants have not filed any further documentation or argument on this issue.

threatening medical conditions.  In addition, he once again alleges that Defendants' refusal to treat these medical conditions with surgery has put him in imminent danger of either death or serious bodily harm, making him entitled to $10,000,000 in damages.

**Standard of Review**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); See Also Martin at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts have long cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly at 554-55. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim."

Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## Analysis

To state a claim under the Eight Amendment for ineffective medical assistance, a plaintiff must show that a defendant acted with *deliberate indifference* to his or her *serious medical needs*. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A serious medical need is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a layperson would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). A medical need is also serious if a delay in treatment would cause a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987).

A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id at 387. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id at 844.

Put another way, "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not constitute deliberate indifference unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

A. William Fox

In this case, Plaintiff does not allege that William Fox had any personal involvement with his medical care. Instead, Plaintiff appears to allege that William Fox is responsible for his medical care through his role as a prison supervisor.

In a § 1983 action, liability cannot be predicated solely under *respondeat superior*. See Monell v. Department of Social Services, 436 U.S. 658 (1978). This does not mean, however, that a supervisor can never be found liable under § 1983 for an alleged wrong with which he or she had no personal involvement. The supervisor may still be found liable under § 1983 if the wrong resulted from subordinates acting pursuant to an official policy or custom for which the supervisor is responsible. See Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). The supervisor may also be found liable if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and

(3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Id. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

Here, Plaintiff's complaint does not allege the elements required for supervisory liability. Plaintiff does not reference any official policy or custom authorized by William Fox that is related to his allegedly inadequate medical treatment. Nor does Plaintiff allege that William Fox had knowledge of wide-spread problems with the medical care being provided by his prison staff. Accordingly, the undersigned finds that Plaintiff has failed to state a valid Eighth Amendment claim against William Fox, and the complaint against him should be dismissed.

B. Wexford Medical Sources

The claim against Wexford Medical Sources should be dismissed because Wexford is not a proper defendant in an action created under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a *person* acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Moreover, "[a]ccording to the Fourth Circuit Court of Appeals, 'a private corporation [which is a state actor] is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Wexford is not a person and is therefore not a proper defendant in this action. Paige v. Kirby, 314 F.Supp.2d 619,

622 (N.D.W.Va. 2004), quoting <u>Austin v. Paramount Parks, Inc.</u>, 195 F.3d 715, 728 (4th Cir. 1999). Nowhere in the plaintiff's complaint does he allege or even insinuate that Wexford has an official policy or custom that prevents the surgery and/or treatment that the plaintiff believes is required to alleviate his medical conditions.

### Recommendation

For the reasons stated, the undersigned recommends that William Fox's motion to dismiss (Doc. 12) be **GRANTED** and that Plaintiff's entire complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Court Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and

Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: July 11, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE